# THE COUNTY COMMISSIONERS OF MONT-GOMERY COUNTY

## *vs.*

## JOSEPH HENDERSON et Als.

*Municipal corporations: bonds and special taxes; ratification by voters; preliminary notice; mandatory provisions; injunction to restrain the holding of the election.*

Where a statute authorizing a county to submit to the approval of the voters of the county the question of a special road improvement tax requires that a certain notice to the voters of such election shall be posted, the failure of the County Commissioners to comply with such a provision is a fatal defect, and an injunction may be granted to restrain the holding of such an election.                                                    p. 538

Such directions as to notice, etc., are mandatory, and are not merely directory.                                                 p. 537

Statutory requirements in cases of this kind, as to time of notice by publication and posting and the terms of such provisions, must be strictly complied with.                           p. 537

The power of the County Commissioners to issue bonds for road improvements and to direct a special election to be held

therefor is regulated by statute, and the jurisdiction conferred, being special and limited, must be administered in the manner and according to the terms of the law creating it.          p. 537

*Decided February 4th, 1914.*


Appeal from the Circuit Court for Montgomery County. (In Equity.)  (PETER, J.)


The facts are stated in the opinion of the Court.


The cause was submitted on briefs to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.


*John A. Garrett* filed a brief for the appellants.


*Bowie F. Waters* filed a brief for the appellees.


BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Montgomery County, in Equity, overruling the defendant's demurrer to a bill in equity, and directing an injunction to issue as prayed by the bill. The effect of the injunction as granted was to restrain and enjoin the appellants from holding a special election, to determine the question of a special levy and a county bond issue, for public improvement, in the Second Election District of Montgomery County.

The bill, it will be seen, is filed by the appellees, certain qualified voters and taxpayers of the Second Election District of that county, against the appellants, the County Commissioners of Montgomery County, and with the exhibits fully states the facts and Acts of Assembly relied upon by

the appellees for the relief sought by the bill. The questions were raised by a demurrer to the bill upon the ground that the bill does not disclose a case that entitles the plaintiffs to any relief in equity. The bill is a lengthy one and the exhibits are very numerous, but in the view we take of the case it will not be necessary for us to discuss all of the questions raised by the record.

We think the Court below was entirely right in holding that the failure of the County Commissioners of Montgomery County to comply with the statute in posting the notice required by law to the voters of the district before passing the resolution of the 22nd day of April, 1913, submitting the special road improvement tax, was a fatal defect in their proceedings, and the injunction was therefore properly granted.

By the tenth paragraph of the plaintiffs' bill it is distinctly averred, and admitted by the demurrer, "that said resolution was not posted in accordance with the law as is shown by a certified copy of the certificate of Clifford L. Howard, Sheriff of the county, filed herewith as part hereof, and marked 'Exhibit No. 3.' The store of Perrie E. Waters, where one of the notices was posted, was and is not in said election district."

By section 452 of Chapter 790 of the Acts of 1912 (Local Law of Montgomery County), and the Act under which the proceedings in the case were had, it is provided, "that whenever it shall appear to the County Commissioners from a petition or petitions of the citizens and taxpayers of one or more election districts that there is a general public demand for securing and permanently improving a road or roads, or toll pike or toll pikes, lying in any election district, or lying partly in two or more election districts, as herein stated, but that the levy of a special tax upon the property of such districts for such purpose or purposes would too heavily burden the taxpayers of said district, they, the said County Commissioners, are authorized and empowered to issue and

place special road improvement bonds of said county to cover the costs of such procurement and improvement of such road or toll pike, in such district or districts, the amount of such bonds not to exceed ten per cent. of the taxable basis of such election district or districts; provided that they, the said County Commissioners, shall prepare resolutions specifying the nature and estimated cost of such special road procurement and improvements, manner of issue and payment by special improvement bonds specifically designating the election district or districts in which property is to be taxed to carry said bonds and pay the interest thereon; said proposed resolutions shall be posted in at least five conspicuous places in each of the election districts affected thereby, and published once a week for three consecutive weeks in one or more newspapers of said county, with a notice of a meeting of said Coutny Commissioners at the expiration of that period, to hear any persons that may object thereto; after such hearing the said County Commissioners may, if they deem proper, pass such resolution or resolutions, and shall thereafter submit the question of the issue of such special improvement bonds provided for, in each of said resolutions, to the registered and qualified voters of such election district who are taxpayers in such election district or districts, at a special election to be held between the hours of eight o'clock A. M. and six o'clock P. M., at the regular place of holding elections in such election district or districts, on such date as may be designated by said County Commissioners, with such notice and publication, and in such manner as hereinbefore in this section last provided."

The Act, it will be observed, provides that the proposed resolution, passed by the board, shall be posted in at least five conspicuous places in each of the election districts to be affected thereby, and published once a week for three consecutive weeks in one or more newspapers of the county, with a notice of a meeting of the County Commissioners at the expiration of that period, to hear any persons that may object thereto.

The provision of the statute, as to notice in this case, we think, is mandatory and not merely directory. The statute required the preliminary resolution of the Commissioners to be posted in five places in the district, and an opportunity to the voters and taxpayers of the district to be heard thereon before the question of the issue of the improvement bonds should be submitted to the voters at a special election.

As was said by this Court, in *Baltimore and Drum Point R. R. Co.* v. *Pumphrey,* 74 Md. 112, if this requirement be held to be directory only, the publication might be for half the time prescribed, or it might be omitted altogether, and yet the power would be effective. All of the conditions prescribed should be strictly observed, because they are equally essential to the authority attempted to be conferred.

In 28 *Cyc.* 983, it is said that the time allowed property owners to appear and be heard is usually provided for by charter or statute, and this provision is mandatory.

The effect of statutory requirements in cases of this kind as to time of notice by publication and posting, and the terms of such provisions must be strictly complied with is supported by a long line of cases on the subject. 28 *Cyc.* 982; *Young* v. *Clarendon Township,* 132 U. S. 349; *The Detroit R. R. Co.* v. *Bearss,* 39 Ind. 599; *Balto. and D. P. R. R. Co.* v. *Pumphrey,* 74 Md. 112.

The right of the plaintiffs to maintain this suit is free from difficulty.

The power of the County Commissioners in this case to issue bonds for road improvement and to direct a special election to be held therefor is regulated by statute, and the jurisdiction conferred, being a special and limited one, "it must be administered in the manner and according to the terms of the law creating it." *Barrickman* v. *Harford Co.,* 11 G. & J. 56; *Peter* v. *Prettyman,* 62 Md. 566; *Cumberland R. R. Co.* v. *Martin,* 100 Md 167.

The resolution calling the election in this case being invalid and void, a court of equity is the proper tribunal to

enjoin the election to issue bonds for a special road improvement, under the proceedings in the case. *Balto.* v. *Gill,* 31 Md. 375; *Crampton* v. *Zabriskie,* 11 Otto, 801; *Macon* v. *Hughes,* 110 Ga. 804; *Gibson* v. *Board of Supervisors,* 80 Cal. 362.

The question as to whether it appeared from the petition of the citizens and taxpayers of the district filed in the case that there was a general public demand for the "procurement and improvement" of the road as stated by the statute was a matter left by statute to the judgment and discretion of the County Commissioners, and their action in this respect is not reviewable by this Court.

In *Chaney* v. *Co. Commrs. of A. A. Co.,* 119 Md. 389, we said it is not a matter with which the courts have anything to do, or can in any manner control, unless it be made apparent that the action of the County Commissioners was a purely arbitrary act, or induced by corruption or fraud. There was no such allegation in the bill in *Chaney's case,* and there is none alleged or shown here.

Being of opinion that the publication of the preliminary resolution in this case was not in accordance with the requirements of the statute, it follows for the reasons stated that the resolution by the County Commissioners calling the special election for the purpose of submitting the bond issue was null and void, and the Court below was right in overruling the defendant's demurrer, and directing the injunction to issue as prayed by the bill.

*Decree affirmed, with costs.*