GEORGE BYRD, Mortgagee,

*vs.*

ROGER S. DAY, Exceptant.

*Tax Sale—Requirement as to Notice—Judicial Sale—Caveat Emptor—Estoppel.*

Since Acts 1900, ch. 102, requires tax sales in Montgomery County to be preceded by notice published in newspapers printed in Rockville for four successive weeks prior to the second Monday in March, a sale was invalid when the notice was published only on the 16th and 23rd days of February, and the 2nd and 9th days of March, the second Monday in March falling on the 12th of the month, and there consequently not being four clear weeks' notice of the sale.                   pp. 443, 444

The rule of *caveat emptor* does not apply to a judicial sale until after the sale has been finally ratified.          p. 445

The payment of a sum of money by the purchaser at a mortgage foreclosure sale on the day after the sale, amounting to nothing more than a deposit with the auctioneer when the property was knocked down, did not estop the purchaser from raising any reasonable objection to the title.          p. 445

*Decided May 4th, 1921.*

Appeal from the Circuit Court for Montgomery County, In Equity (PETER, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*H. Maurice Talbott,* for the mortgagee, appellant.

To the effect that the notice in this case was sufficient, there were cited *Cass* v. *Bellows,* 31 N. H. 501; *Andrews* v. *People,* 83 Ill. 529; *Ricketts* v. *Hyde Park,* 85 Ill. 110; *Loughridge* v. *Huntington,* 56 Ind. 253.

Upon the question of estoppel, counsel referred to *Nicholson* v. *Snyder,* 97 Md. 427, and cases there cited.

*Frank Higgins,* for the exceptant, appellee.

The failure of the tax collector to give the legal notice renders the sale void, notwithstanding its ratification by the court. *Alexander* v. *Walter,* 8 Gill, 259; *Guisebert* v. *Etchison,* 51 Md. 478; *Stewart* v. *Meyer,* 54 Md. 454; *Cooley on Taxation,* 353; *McMahon* v. *Crean,* 109 Md. 652.

In Maryland, as a sale under a power in a mortgage is a judicial sale, the rule of *caveat emptor* does not apply before ratification. *Heuisler* v. *Nickum,* 38 Md. 270; 16 R. C. L. 122, sec. 87.

STOCKBRIDGE, J., delivered the opinion of the court.

The record in the present case presents but a single question and that is within a very narrow compass. The Circuit Court for Montgomery County sustained exceptions to and set aside a sale made in the foreclosure of a mortgage. The ground of the exceptions was the inadequacy of notice given of a tax sale which had occurred a number of years before. This tax sale had been made under the provisions of the local laws for Montgomery County as enacted by Chapter 102 of the Acts of 1900. The sale made by the collector of taxes was duly reported to and ratified by the Circuit Court for Montgomery County, and two years later a deed for the property was made to the purchaser at the tax sale.

By the Act of 1900, referred to, it was provided as a prerequisite to such sales that notice should be given in at least two newspapers printed in Rockville for four successive weeks prior to the second Monday in March.

It appears that notice of the tax sale now called in question was published in two newspapers printed in Rockville on the 16th and 23rd days of February, the 2nd and 9th days of March, 1906, and that the second Monday in March in that year was on the 12th of the month.

While there was thus a publication in four different weeks, the notice did not give four clear weeks of notice of the sale. On behalf of the trustee the argument is one which seeks to split the time up by number of days, disregarding the clear intent of the Act, which looked only to weeks as the smallest sub-division of time.

In the case of *Hewitt* v. *Parsley,* 101 Md. 206, it was announced by this Court as law that a person would not be compelled to take a title to land derived from a tax sale in the absence of judicial ratification of the sale after notice, and that a sale would be set aside which is not in substantial conformity with the provisions of the statute in pursuance of which it is made. A similar ground of defense to that urged by the appellant in this case was sought to be invoked in *Baltimore & Drum Point Railroad* v. *Pumphrey,* 74 Md. 87, where the word used was month, and the endeavor was to have that construed as gratified by interpreting it as the lunar month rather than solar month, but this contention was not sustained by the court. So also was the decision in *Early* v. *Doe,* 16 How. (U. S.) 610, that where the language of the statute was "that public notice of the time and place of the sale of real property for taxes due the corporation of the City of Washington shall be given by advertisement inserted in some newspaper published in said city once in each week for at least twelve successive weeks," it must be advertised for twelve full weeks, or eighty-four days, and therefore, where property was sold after being advertised for only eighty-two days, the sale was illegal and conveyed no title.

The latest decision of this Court upon this question was in the case of the *Commissioners of Montgomery County* v. *Henderson,* 122 Md. 537, where it was said that statutory provisions as to time must be strictly complied with, that they are mandatory not directory: "All the provisions prescribed should be strictly observed, because they are equally essential to the authority attempted to be conferred." See also 28 *Cyc.* 982; *Young* v. *Clarendon Township,* 132 U. S. 349; *Detroit, etc., R. R.* v. *Bearss,* 39 Ind. 599; *Stewart* v. *Meyers,* 54 Md.

454. In this last case the notice was but one day short of that required by the statute, yet in that case the notice was held insufficient, in a very careful opinion prepared by the late JUDGE ALVEY. Clearly in this case, therefore, the notice itself was insufficient.

It is also claimed on behalf of the appellant that the rule of *caveat emptor* applies to the present case, but it has been repeatedly held both in this State and elsewhere that the rule of *caveat emptor* has no application where a judicial sale is involved until after the sale has been finally ratified.

The third contention of the appellant invokes the doctrine of estoppel, but that cannot be applied in a case like the present, where there has been no act performed by the vendee at the mortgage sale which could operate in derogation of his legal rights. The payment of five hundred dollars on the day subsequent to the sale at which Mr. Day bought amounted to nothing more than a deposit with the auctioneer when the property was knocked down, and such a deposit is never permitted to operate as an estoppel to the raising of a reasonable objection. For the reasons indicated the order appealed from will be affirmed.

*Order affirmed, with costs*