THE FLEISHER COMPANY *v.* GRICE, ASSIGNEE, ETC.

[No. 541, September Term, 1965.]

*Decided January 26, 1967.*

The cause was argued before Hammond, C. J., and Marbury, Oppenheimer, McWilliams and Finan, JJ.

*Joseph F. Padula,* with whom were *Martin V. B. Bosletter* and *John S. Hollyday* on the brief, for appellant.

*W. Warren Stulty* and *Charles C. Grice* for appellee.

McWilliams, J., delivered the opinion of the Court.

The trial judge (McLaughlin, J.) overruled exceptions to the foreclosure sale of a business property in Hagerstown. The Fleisher Company, appellant (Fleisher), contends that the sale price was grossly inadequate, that the advertisement of sale was misleading and that the publication of the advertisement was not in accordance with the provisions of Maryland Rule W 74 a 2 (i). Since we agree that the rule has been violated it will not be necessary for us to consider the other contentions.

Fleisher acquired the property in 1920. In 1949 it borrowed $150,000 from a life insurance company. The debt was secured by a first mortgage on the property and the assignment of a lease of part of it. On the day after the recording of the first mortgage there was recorded a second mortgage purporting to secure a debt of $100,000 to Max and Sadie Fleisher. In 1956 Max and Sadie assigned the second mortgage to Harry D. Bowman, Trustee, who, on 4 March 1965, assigned it to the appellee for the purpose of foreclosure. Two weeks later suit was docketed.

The first insertion of the advertisement in the Hagerstown papers was on 17 June. It was repeated on 25 June, and again on 2, 16, 17 and 19 July. The sale was held on 20 July.

Prior to 1 June 1950 the statute required that "in all [fore-

closure] sales * * * *there shall be given such notice as may be stated in such mortgage, or if there be no agreement as to notice,* then the party offering the same for sale shall give twenty days notice * * *." Code, Art. 66, § 9 (1939). The italicized language was eliminated by Sec. 1, 6 (c) of Chapter 12 of the Laws of Maryland of 1950 which when codified became Art. 66, § 5 (c) and which, in turn, was repealed by Sec. 38 of Chap. 36 of the Laws of Maryland of 1962. It was replaced by Maryland Rule W 74 a 2 (i), which provides as follows:

> "For the sale of real estate or chattels real—at least once in each week for three successive weeks, the first publication to be not less than fifteen days prior to sale and the last such publication to be not more than one week prior to sale."

Although the mortgage, in the case at bar, provides that "at least twenty days notice of the time, place, manner and terms of sale" shall be published, there can be no doubt that the notice required by the rule must be given. This is not to say that parties to a mortgage are not free to contract in respect of the notice to be given. As indicated above, prior to 1950 the agreement of the parties was controlling. The 20 day notice mentioned in the statute (before 1 June 1950) was required only if the parties failed to insert a provision as to notice. The Act of 1950 did not impair the right of the parties to agree as to what notice must be given. It required only, in effect, that at least 20 days notice be given regardless of what may have been agreed to by the parties. The present rule which, as has been noted, replaces the statute, merely makes more stringent and more precise the minimal requirements as to notice.

For ease of comprehension we have set forth the calendar for the pertinent parts of June and July 1965. Encircled are the dates on which the advertisement was published.

```
13   14   15   16   (17)   18    19
20   21   22   23    24   (25)   26
27   28   29   30
                      1    (2)    3
 4    5    6    7     8     9    10
11   12   13   14    15   (16)  (17)
18  (19)  20
```

Immediately it will be noticed that the advertisement was not published during the week of 4 July which is one of the "three successive weeks" before the sale. Of course, appellee argues that the publications on 17 and 25 June and 2 July satisfy the requirement of the rule since they are in "three successive weeks" the first of which is "not less than fifteen days prior to sale." Appellee further argues that any one of the publications on 16, 17 and 19 July satisfies the requirement that "the last such publication * * * [shall be] not more than one week prior to sale." As already noted, we do not agree.

We are not here concerned with the de facto adequacy or sufficiency of the publication of the advertisement. Our inquiry is limited to the requirements of the rule and it is now firmly settled that there must be strict compliance. In *Byrd v. Day,* 138 Md. 442, 114 Atl. 486 (1921) a statute governing tax sales in Montgomery County called for the publication of the notice of sale for "four succesive weeks prior to the second Monday in March." The publication dates are encircled in the pertinent parts of the calendar for February and March 1906 below set forth.

```
                                (16)   17
18   19   20   21   22   (23)   24
25   26   27   28
                      1    (2)    3
 4    5    6    7     8    (9)   10
11   12
```

The Court, speaking through Judge Stockbridge, said:

> "While there was thus a publication in four different weeks, the notice did not give four clear weeks

of notice of the sale. On behalf of the trustee the argument is one which seeks to split the time up by number of days, disregarding the clear intent of the Act, which looked only to weeks as the smallest sub-division of time."

\* \* \*

"The latest decision of this Court upon this question was in the case of the *Commissioners of Montgomery County v. Henderson,* 122 Md. 537 [another tax sale case], where it was said that statutory provisions as to time must be strictly complied with, that they are mandatory not directory: 'All the provisions prescribed should be strictly observed, because they are equally essential to the authority attempted to be conferred.' See also *28 Cyc. 982; Young v. Clarendon Township,* 132 U. S. 349; *Detroit, etc., R. R. v. Bearss,* 39 Ind. 599; *Stewart v. Meyers,* 54 Md. 454. In this last case the notice was but one day short of that required by the statute, yet in that case the notice was held insufficient, in a very careful opinion prepared by the late JUDGE ALVEY. Clearly in this case, therefore, the notice itself was insufficient." *Id.* at 444-45.

*Owens v. Graetzel,* 146 Md. 361, 373, 126 Atl. 224 (1924) involved the foreclosure of a mortgage containing an assent to a decree rather than a power of sale. The decree required the trustee appointed to make the sale to give "at least three weeks notice by advertisement" in a Baltimore newspaper. In the pertinent parts of the calendar for November and December 1923 the publication dates are encircled, the last of which (3 December) was also the day of sale.

| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
|----|----|----|----|----|----|----|
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 |    |
| 2  | 3  |    |    |    |    | 1  |

Judge Digges, for the Court, said:

"The terms of the decree are, by force of the statute, made a part of the statute and must be as fully and strictly complied with as if they were in terms embraced in the statute. Among the terms of the decree of sale is the provision that the trustee shall make the sale after having given at least three weeks' notice by advertisement inserted in such daily newspaper or newspapers, published in the City of Baltimore, as he shall think proper, of the time, place, manner and terms of sale. The period of advertisement, as prescribed by the decree, is at least three weeks, and the meaning of this language is no longer open to discussion in this State, this Court having decided that 'at least three weeks' means 'three clear weeks,' and that in determining what space of time constitutes three clear weeks, the date of the first publication of the advertisement and the day of sale shall both be excluded. *Walsh v. Boyle*, 30 Md. 262; *Steuart v. Meyer*, 54 Md. 455; *Graham v. Wellington*, 121 Md. 656; *Byrd v. Day*, 138 Md. 442. It follows that, in the computation of time of advertisement in this case, the 12th day of November, 1923, being the day of the first publication of the advertisement, and December 3rd, 1923, being the day of the sale, should both be excluded, and that when this is done there remain twenty days, which is less than three weeks."

Were we to adopt appellee's interpretation of the rule grotesque situations inevitably would ensue. It would have been possible, for instance, using the case at bar as an example, for the mortgagor to have published the advertisement for "three successive weeks" in *January* and once on 19 July, the day before the sale. The first January publication would have been "not less than fifteen days prior to sale" and the 19 July publication would have been "not more than one week prior to the sale." The provision in the mortgage requiring "at least twenty days notice" would also have been satisfied. That the interdiction of this kind of shenanigan was the reason for the rule

scarcely needs saying. Whatever else the terms agreed upon in the mortgage require the agent of the mortgagor to do in respect of the publication of the advertisement of sale he must publish "at least once in each of three successive weeks" before the sale. The first of these three publications must be "not less than fifteen days" before the sale and the last of the same three publications must be "not more than one week" before the sale.

The order of the trial judge overruling the exceptions and confirming the sale must be reversed and the case will be remanded for further proceedings.

*Order reversed.*
*Case remanded for further proceed-ings.*
*Appellee to pay the costs.*