ORFINGER, M., Senior Judge.
We find no error in the trial court’s determination that the payment due December 1, 1995 on the supplemental note was to be applied entirely to principal because no interest on the outstanding loan balance was due on that date, and that the loan documents did not provide for interest to be payable in advance. The general rule is that interest is not payable in advance unless there is a specific agreement of the parties.
To make interest payable in advance, the intention to do so should be expressed in unambiguous and unmistakeable language, and when an ambiguity in a contract calling for interest exists, so that it is not clear whether the interest is payable in advance, the interpretation least favorable to the one drawing up the contract will be adopted.
45 Am. Jr.2d, Sec. 28 (1999). See also Owens v. Graetzel, 146 Md. 361, 126 A. 224 (1924).
Here, the parties presented to the court a stipulation of facts which included the documents in question, and by cross motions for summary judgment asserted that no factual issues remained and that the court could interpret the documents as a matter of law. We cannot fault the trial court for concluding that the documents do not clearly state that interest is to be paid in advance. The modified mortgage and supplemental note were drawn by HUD from whom appellant purchased them, thus any question as to interpretation was properly construed against appellant.
AFFIRMED.
W. SHARP, and SAWAYA, JJ. concur.