468 A.2d 1046

**Charles E. DiDOMENICO**

v.

**FIRST NATIONAL BANK OF MARYLAND.**

**No. 66.**

Court of Special Appeals of Maryland.

Jan. 5, 1984.

Certiorari Granted May 31, 1984.

Harold H. Burns, Jr., Baltimore, with whom were Kallina, Levinson & Burns, Baltimore, on brief, for appellant.

Eugene A. Friedman, Baltimore, for appellee.

Submitted before WEANT, BISHOP and ADKINS, JJ.

WEANT, Judge.

On 28 March 1980, the appellant, Charles E. DiDomenico, obtained a loan from First National Bank of Maryland (Bank). He used the funds to purchase a mobile home in which he resided. DiDomenico entered into a purchase money security agreement with the Bank using the mobile home as collateral, and authorizing the Bank to repossess it upon default.

The appellant first fell behind in his monthly payments in the fall of 1980, when he was laid off from his job. Although he was able to make several additional payments on the loan, DiDomenico notified the Bank early in February of 1981 that he would no longer be able to do so. According to

the Bank's policy, DiDomenico was asked to and did sign a letter authorizing the Bank to repossess his home.

On 16 February 1981, the appellant was recalled to work. Several days later, he received a notice of repossession from the Bank, advising him that he could redeem the property within fifteen days after receipt of the notice for the balance owed to date. Mr. DiDomenico did not redeem his home and the Bank sold it on 2 May 1981.

Following the sale the Bank sued DiDomenico in the Circuit Court for Baltimore County for the deficiency, plus attorney's fees. DiDomenico counterclaimed for statutory damages pursuant to § 9–507(1) of the Maryland Uniform Commercial Code.

The trial court found in favor of the Bank and entered a judgment against DiDomenico in the amount of $7,523.89 plus $961.26 in attorney's fees. The resultant appeal raises the following questions:

I. Did Appellee fail to give Appellant "reasonable notification" with regard to its disposition of Appellant's repossessed mobile home, as required by Section 9–504(3) [Md. Com. Law Code Ann. (1975)]?

II. By informing Appellant in its written and oral communications with him that his right to redeem his mobile home would be terminated after the expiration of an arbitrary 15 day period, did Appellee fail to proceed in accordance with Section 9–506 of the [Md.Com. Law Code Ann. (1975)]?

## I.

Section 9–504 of the Maryland Uniform Commercial Code states a secured party's right to dispose of the collateral after the debtor's default. Our focus in the case *sub judice* is upon the provision requiring that "... reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor...." Md.Com. Law Code Ann. § 9–504(3) (1975 & Supp.1983). Although he does not dis-

pute the fact that the Bank notified him of the time after which a private sale would be made, DiDomenico claims that the notification was unreasonable because it was misleading and tended to discourage any attempt to redeem, pursuant to § 9–506, before the sale. Section 9–506 permits a debtor to redeem by tendering fulfillment of all obligations prior to the creditor's sale of the collateral. Md.Com. Law Code Ann. § 9–506 (1975).

The appellant argues that the Bank's repossession notice led him to believe that he could redeem the collateral only within the fifteen-day period following receipt of the notice. The redemption notice stated, in pertinent part:

> ... You are entitled to redeem the said goods provided that within fifteen days from the date of delivery of this notice you pay ... $650.39 [the amount then due].... If you do not redeem as aforesaid, the goods will thereafter be sold at a private sale and if a deficiency arises, you will be liable....

This language is similar to that in a notice of default DiDomenico had received earlier which provided that, in the event of repossession, "... your right to this vehicle will be terminated fifteen days from the date ... our notice of repossession is delivered to you ...," but that "[p]rior to the expiration of the fifteen day interval, you may redeem the vehicle...." Both notices indicated to the appellant that his right to the vehicle would be terminated at the end of a fifteen-day period following the receipt of the Bank's repossession notice. Both notices sent to the appellant gave him fifteen days in which to redeem with a clear indication that this right, in fact any right to the vehicle, would be terminated thereafter. In our view this is not the required "reasonable notification." He was not informed that he would have a right to redeem his home "[a]t any time before the secured party has disposed of collateral or entered into a contract for its disposition ... or before the obligation has been discharged ... by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred...." Section 9–506. As the Court of

Appeals stated in *Maryland National Bank v. Wathen*, 288 Md. 119, 122, 414 A.2d 1261 (1980), when considering § 9–504(3), there is an "interrelation of the provisions of the code which were apparently drafted so that the debtor is afforded a reasonable opportunity to protect his interests" under the provisions of § 9–506 for redemption of collateral. We believe the trial court erred in determining that the Bank gave "reasonable notification" as required by § 9–504(3).

■ Apparently detecting the fault which existed in the notices given the appellant, the appellee has alleged, in its brief filed in this Court, that it "was following the consumer protection provisions of § 12–625 Commercial Law Article (titled Retail Installment Sales Act and hereinafter sometimes referred to as 'RISA')." While the Retail Installment Sales Act, § 12–601(*1*)(2)(ii) says that an installment sales agreement includes "a purchase money security agreement," § 12–601(*1*)(1)(ii) provides that an installment sales agreement means a contract for the retail sale of goods under which "the *seller* takes collateral security or keeps a security interest in the goods sold." (emphasis added.) Therefore, even though the notification DiDomenico received comports with the discretionary notice provided for in § 12–624 of the Retail Installment Sales Act by giving ten days notice of the Bank's intention to repossess if the amount owed was not paid and further, as set forth in § 12–625, advised him that he had fifteen days after repossession in which to redeem the vehicle by paying the amount then in default, the Bank was not the seller of the mobile home in question and hence could not rely on "RISA." Thus having failed to comply with the terms of title 9 of the Uniform Commercial Code and being unsuited to receive succor from title 12, the appellee's claim should have been denied. Consequently, we are obliged to reverse the judgment of the trial court.

## II.

Because of this determination, we find it unnecessary to address the second question posed by the appellant.

68

As mentioned above, Charles E. DiDomenico had filed a counterclaim in this case to recover damages caused by the failure of the First National Bank of Maryland to comply with the provisions of title 9 of the Uniform Commercial Code. Because we agree that the appellee did not so comply, we will remand for further proceedings under the counterclaim.

*JUDGMENT REVERSED.*

*CASE REMANDED FOR FURTHER PROCEEDING UNDER THE APPELLANT'S COUNTERCLAIM.*

*COSTS TO BE PAID BY APPELLEE.*