IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

| | |
|---|---|
| ECONOMIC DEVELOPMENT LOAN FUND, ) | DCA NO. 84-9008 |
| ) | CTC NO. 83-282 |
| Plaintiff/Appellant, ) | |
| ) | |
| vs. ) | OPINION |
| ) | |
| PEDRO S. ARRIOLA, ) | |
| ) | |
| Defendant/Appellee. ) | |

BEFORE: LAURETA, WEIGEL and DUENAS, District Judges

LAURETA, District Judge:

This is an appeal of the Commonwealth Trial Court's decision barring a deficiency judgment against debtor because the creditor failed to comply with the provisions of 57 Trust Territory Code (TTC).

FACTS

Creditor, EDLF, brought this action against defendant, Pedro S. Arriola, to collect on a promissory note.

On July 19, 1975 Arriola executed and delivered to EDLF his promissory note for nine thousand dollars ($9,000.00), with interest thereon at five per cent per annum. On the same day, Arriola executed and delivered a chattel mortgage to EDLF, as security for payment of the note, which mortgage covered a 40 ft. Japanese diesel sampan with accompanying fishing gears, two

AO 72·
(Rev.8/82)

213

outboard engines, and other properties. The total value listed in the chattel mortgage was $15,000.

Out of the $9,000 that Arriola was granted, he received and used the sum of $7,500. He never made any payments to EDLF, though there was evidence that he made attempts to have EDLF repossess the boat in satisfaction of the debt as early as 1976.

From the end of 1976 until the fall of 1982, Arriola was off-island except for short return visits to Saipan.

EDLF took no action on this loan until June of 1979 when it wrote to Arriola telling him to make arrangements to make his loan payments. Receiving no reply, EDLF sent a second letter, dated August 29, 1979, stating that it had taken possession of the boat and it would be sold, auctioned or leased if the loan payments were not brought up to date within ten days of the date of the letter.

Finally, EDLF mailed a third letter, dated September 29, 1979, which _inter alia_, gave notice that the boat would be sold at auction on October 1, 1979. On this date no one appeared at the sale and no bids were received.

In March of 1980, EDLF finally sold the boat, which was by then partially submerged under water, for $500. There was no evidence that Arriola was informed of this sale, or any such impending sale, subsequent to September 25, 1979.

EDLF subsequently brought this action to recover the deficiency due on the note.

At the close of EDLF's case, Arriola moved for an

214

involuntary dismissal, pursuant to Commonwealth Trial Court Rule of Civil Procedure 41(b), on the ground that upon the facts and the law the plaintiff had shown no right to relief. The trial court granted defendant's motion, and EDLF appealed. The debtor has requested costs and attorney's fees on this appeal, pursuant to District Court Rule of Appellate Procedure 18.

## DISCUSSION

Findings made by the trial court when granting a dismissal pursuant to Commonwealth Trial Court R.Civ.P. 41(b), which is an adjudication on the merits, should not be overturned unless they are clearly erroneous. Commonwealth Trial Court R.Civ.P. 52(a); Maykuth v. Adolph Coors Co., 690 F.2d 689, 695 (9th Cir.). Findings are "clearly erroneous" only if the appellate court is definitely and firmly convinced that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); Agarwal v. Arthur C. McKee & Co., 644 F.2d 803, 806 (9th Cir. 1981).

Here, the Trial Court found that

> ... under the facts presented in plaintiff's case... the plaintiff failed to comply with the procedures of [57 TTC §§ 51-53] in that: (1) plaintiff failed to give 10 days notice to defendant of the public auction; (2) service of any notice of sale/auction did not comply with § 51(2) in that there was no personal service or delivery at his residence or place of business; (3) there was no posting of the notice at three conspicuous

AO 72
(Rev.8/82)

places; and (4) no sale was conducted within 90 days. Memorandum Opinion, dated April 11, 1984.

Pursuant to these findings the court adopted the majority rule, which holds that if a creditor fails to give the statutory notice in a foreclosure of a personal property secured interest, he is absolutely barred from a deficiency judgment. Nixdorf Computer, Inc. v. Jet Forwarding, Inc., 579 F.2d 1175 (9th Cir. 1978).

57 TTC § 51(2) is very specific regarding the manner in which notice is to be given:

> This notice may be given personally to the debtor or by leaving it at his usual place of abode or of business with some person not less than eighteen years of age and of sound mind then residing or employed there, and, if the person with whom the notice is left states he is unable to read it, by also orally explaining the substance of it to him, if practical, in a language generally understood in the locality.

The trial court recognized, in its oral decision, that while the notice requirements did place a heavier burden on creditors, nonetheless, the court "perceive[d] the reason for that is that the drafters of Title 57, Section 51 realized that they were probably dealing with, first, unsophisticated people as far as their loans are concerned and they wanted to make sure that that person, the debtor, received adequate notice."

This statement adequately reflects the majority position in the United States. Certainly, it applies here, where

216

most consumers are economically unsophisticated, English is generally not their first language, and the education level is relatively low.

Moreover, as more than one court has noted, the requirement to give notice to the debtor is not difficult to comply with and the burden thereby placed on the creditor is minimal, especially in light of the potentially onerous results to the debtor. See, Staley Employee Credit Union v. Christie, Ill.App. 3d 165, 443 N.E.2d 731 (1982); Wilmington Trust Co. v. Connor, 415 A.2d 773 (Del. 1980). A creditor can comply with the simple statutory requirements with ease. But, absent clear notice of the precise time and place of sale, the debtor may be severely hampered in defending against any subsequent deficiency action. Moreover, it will be difficult for the debtor to later find evidence to rebut the contention of the creditor that it disposed of the property at a reasonable price. For these reasons courts generally favor placing the heavier burden upon the creditor/ seller.

Further, notice of the disposition of collateral has been recognized as a fundamental right of the debtor. See Randolph v. Franklin Investment Co., Inc., 398 A.2d 340 (D.C.App. 1979). It protects the debtor's interest in the collateral by giving him the opportunity, often his only real opportunity, to pay the debt, or find buyers willing to pay a price sufficient to significantly reduce the deficiency, or to himself be present at the sale to bid on the property or to observe the conduct of the

AO 72
(Rev.8/82)

217

sale. _Maryland National Bank v. Wathen_, 414 A.2d 1261 (Md.App. 1980).

Finally, given the continued availability of a deficiency judgment, a secured creditor does not necessarily have the incentive to strictly comply with the statute provisions nor to obtain the highest possible resale price. A debtor would obviously be severely prejudiced by such a lack of incentive.

However, despite these clear reasons favoring strict enforcement of statutory notice provisions, a minority of jurisdictions hold that once improper notice has been established the question simply becomes one of commercial reasonableness. In relation thereto, if the seller produces no evidence concerning the sale itself the commercial reasonableness of the sale will generally not be found because, as between the parties, such evidence is usually available only to the seller. _Tauber v. Johnson_, 8 Ill.App.3d 789, 291 N.E.2d 180 (1972).

Even if the Commonwealth Trial Court had adopted such a position, no evidence of commercial reasonableness was offered by EDLF. The sole evidence as to value of the collateral was a statement by an employee of EDLF to the effect that the best price that could be obtained at the time of sale was $500. Moreover, EDLF produced no evidence that the boat did not sink while in its custody after repossession, nor that the collateral was repaired or reconditioned before the sale, nor that EDLF had an appraisal report prepared prior to the time of sale. (See, _In Re Bishop_, 482 F.2d 381 (4th Cir. 1973). In fact, EDLF

AO 72
(Rev.8/82)

produced no evidence, aside from the fact that the boat was partially submerged at the time of sale, to explain the discrepancy in value from at least $15,000 at the time of purchase to only $500 a mere three years later.

For the above reasons, the trial court's decision to adopt the majority rule, absolutely barring a deficiency judgment where the creditor fails to strictly comply with the notice provisions of a repossession and resale statute, is not clearly erroneous. It is, in fact, the better rule for this jurisdiction.

The decision of the trial court is AFFIRMED.

No costs will be awarded on this appeal.

DATED: June 27, 1985

_____
ALFRED LAURETA
District Judge

_____
STANLEY A. WEIGEL
District Judge

_____
CRISTOBAL C. DUENAS
District Judge

AO 72
(Rev.8/82)

219