UNITED STATES of America

v.

James E. DEHAVEN, George C. Dehaven, Jr., Terrence C. Dehaven, Valley Beverage Distributors, Inc.

James E. DEHAVEN, Terrence C. Dehaven, Valley Beverage Distributors, Inc.

v.

David M. SOLOMON, E. Jane Solomon, James R. Sproat, Linda M. Sproat, Johnstown Tribune Publishing Co., Successor by Merger to Nehi Bottling Company of Johnstown, Inc.

JOHNSTOWN TRIBUNE PUBLISHING CO.

v.

David M. SOLOMON, E. Jane Solomon, James R. Sproat, Linda M. Sproat.

Civ. No. S 88–1082.

United States District Court, D. Maryland.

Jan. 31, 1989.

Breckinridge L. Willcox, U.S. Atty., D. Md., Larry D. Adams, Asst. U.S. Atty., and Gail G. Green, Dist. Counsel, Small Business Admin., Baltimore, Md., for U.S.

John F. Simanski, Jr., Paula K. Merkle, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for James E. DeHaven, Terrence C. DeHaven and Valley Beverage Distributors, Inc.

Charles E. Bienemann, Jr., Susan Souder, Gordon, Feinblatt, Rothman, Hoffberger & Hollander, Baltimore, Md., for Johnstown Tribune Pub. Co.

David M. Solomon and E. Jane Solomon, Johnstown, Pa., pro se.

James R. Sproat and Linda M. Sproat, Bedford, Pa., pro se.

## MEMORANDUM

SMALKIN, District Judge.

### I.

On April 21, 1988, a confessed judgment was entered in this case against the defendants, guarantors of a note in the amount of $210,000.00, dated October 27, 1980, made by the Pen Mar Packaging Corporation (Pen Mar) to Liberty Trust Company of Maryland (Liberty Trust) and secured by a security interest in certain property, including Pen Mar's inventory. The defendants executed a guaranty of that note, of even date with the note.* Default occurred on the October 27, 1980 note, after which both the note and the guaranty were assigned without recourse to the plaintiff. Before the assignment of the note and guaranty to the Small Business Administration (SBA), Liberty Trust had held a foreclosure sale of Pen Mar's collateral securing the note, as well as of collateral securing a much larger loan, exceeding $1,000,000.00, previously given to Pen Mar by Liberty Trust. This large loan was made under the auspices of an agency of the State of Maryland, MIDFA, and is referred to by the parties as the MIDFA loan.

Defendants timely moved to set aside the confessed judgment. On July 26, 1988, this Court entered a Memorandum Opinion and Order vacating the confessed judgment, finding that a sufficient defense had been tendered to set it aside under Local Rule 36(E), D. Md. In that Memorandum, the Court observed that the foreclosure notices sent by Liberty Trust to the debtor and to the individual defendants mentioned only the sale of collateral securing the earlier MIDFA note, rather than collateral securing the SBA note. The Court noted that, because collateral securing the SBA note was sold apparently without the notice to the debtors or guarantors required by Maryland law, a valid defense under Maryland law would appear to have been tendered. Md.Com.Law Code Ann. [U.C.C.] § 9–504(3) (1975); *Maryland National Bank v. Wathen*, 288 Md. 119, 414 A.2d 1261 (1980).

### II.

■ The defendants, raising essentially the same issue raised in support of their motion to vacate, have moved for summary judgment. Now that this Court has had the benefit of reviewing the record as expanded by defendants' motion, as well as of discovering new case law, the Court is of the opinion that defendants' defense, although it appeared to have some merit when tendered in July, is insufficient as a matter of law to warrant summary judgment in defendants' favor. In fact, the Court is of the opinion that the plaintiff would be entitled to summary judgment for the deficiency, should it so move.

The rationale for the Court's present rejection of defendants' defense of improper notice under U.C.C. § 9–504(3) is the same as that relied upon by the Fourth Circuit in the recent case of *National Bank of Washington v. Pearson*, 863 F.2d 322 (4th Cir. 1988), to the effect that although both debtors and guarantors are entitled to the protection of § 9–504(3), guarantors may effectively waive that protection in the guaranty. (Debtors may not. U.C.C. § 9–501(3)(b).) Although the Fourth Circuit characterized the question as not definitively settled by case law from the Court of Appeals of Maryland, it deferred to the judgment of the federal district judge on the issue. The undersigned judge, as a district judge with considerable familiarity with Maryland commercial law, agrees with

---

* No question has been raised impugning the validity or voluntariness of the guaranty.

the principle stated in *National Bank of Washington,* and holds that a guarantor may waive the giving of pre-disposition notice, either to himself or to the debtor, as a prerequisite for obtaining a deficiency judgment, just as he may waive other aspects of § 9–504's requirements of commercial reasonableness.

### III.

█ The guaranty executed by the defendants provides, in pertinent part:

The Undersigned [guarantor] hereby grants to Lender full power, in its uncontrolled discretion and without notice to the undersigned, but subject to the provisions of any agreement between the Debtor or any other party and Lender at the time in force, to deal in any manner with the Liabilities and the collateral, including, but without limiting the generality of the foregoing, the following powers:

. . . . .

(e) In the event of the nonpayment when due, whether by acceleration or otherwise, of any of the Liabilities, or in the event of default in the performance of any obligation comprised in the collateral, *to realize on the collateral* or any part thereof, as a whole or in such parcels or subdivided interests as Lender may elect, *at any public or private sale or sales,* for cash or on credit or for future delivery, *without demand, advertisement or notice of the time or place of sale or any adjournment thereof (the Undersigned hereby waiving any such demand, advertisement and notice to the extent permitted by law),* or by foreclosure or otherwise, or to forbear from realizing thereon, all as Lender in its uncontrolled discretion may deem proper, and to purchase all or any part of the collateral for its own account at any such sale or foreclosure, such powers to be exercised only to the extent permitted by law.

(Emphasis supplied).

There can be no question but that the foregoing constitutes an effective waiver of the guarantors' right to notice of sale of the collateral. The weight of authority in federal case law, most of it construing identical SBA guaranties, supports this result. *See, e.g., United States v. Lattauzio,* 748 F.2d 559, 562 (10th Cir.1984); *United States v. Kukowski,* 735 F.2d 1057, 1058–59 (8th Cir.1984); *First National Park Bank v. Johnson,* 553 F.2d 599, 601–02 (9th Cir.1977); *United States v. H & S Realty Co.,* 647 F.Supp. 1415, 1419–23 (D.Me.1986) (exhaustive review of SBA guaranty case law), *aff'd,* 837 F.2d 1 (1st Cir.1987). *But see, e.g., United States v. Lang,* 621 F.Supp. 1182, 1183–84 (D.Vt.1985) (critized in *United States v. H & S Realty Co.,* 647 F.Supp. at 1423).

█ The only remaining question is whether the guarantors had a contractual right to notice stemming from the qualifying language of the waiver, *viz.,* that it was "subject to the provisions of any agreement between the Debtor . . . and Lender, . . ." The Court has examined the note in question, and the defendants cannot take any comfort from the terms of the note, because it empowers the holder to sell or otherwise dispose of "the whole or any part of the collateral at public or private sale, without demand, advertisement or notice of the time or place of sale or of any adjournment thereof which are hereby expressly waived." Although this language might not have been effective to waive the debtor's (Pen Mar's) statutory right to notice of disposition, *see* U.C.C. § 9–501(3)(b), it was sufficient to dispel any contractual right the debtor had to notice arising from the note. Whether, as between Liberty Trust and Pen Mar, the latter had a statutory right to notice is immaterial to the guarantors' position. The guarantors acquired no right to notice arising from the terms of the note itself, and they effectively waived, in their guaranty (as the Fourth Circuit held in *National Bank of Washington* they could), any statutory right of notice that they might otherwise have had in their capacity as guarantors.

For the foregoing reasons, the defendants' motion for summary judgment is *denied.* The plaintiff may file for summary

judgment within 30 days of the date of this Memorandum Opinion. A separate order will be entered embodying these rulings.